UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAUDIO SALAS-BAUTISTA,<br><br>Defendant. | Case No.: 19-mj-11777-RBM-AJB<br><br>**ORDER AFFIRMING DEFENDANT'S CONVICTION**<br><br>**(Doc. No. 27)** |

Before the Court is Defendant Silvano Padilla Franco's ("Padilla Franco" or "Defendant") appeal of the magistrate judge's decision affirming Defendant's sentence of time served. (Doc. No. 27.) United States ("Government") filed an opposition, (Doc. No. 28), to which Defendant replied, (Doc. No. 29). For the reasons set forth, the Court **AFFIRMS** Defendant's conviction.

///

1

19-mj-24610-BMK-AJB

## I. BACKGROUND

On December 17, 2019, Salas appeared in Magistrate Court to enter a guilty plea with immediate sentencing. The Court proceeded with a change-of-plea hearing without a plea agreement. Plea Tr. 2. (Doc. 26)

The Court first assured itself that Salas was not taking any drugs, alcohol, or medication that could affect his ability to understand the proceedings. The Court also advised Salas of his rights, the maximum penalties, and the immigration consequences of a guilty plea. Plea Tr. 3–5. Next, the Court advised Salas of the elements of the offense:

> One, you were not a United States citizen at the time of the offense.
>
> Two, you intended to enter the United States at a time and place other than as designated by immigration officers.
>
> Three, you had the specific intent to enter the United States free from official restraint.
>
> And four, you did something that was a substantial step toward committing the crime, and that strongly corroborated your intent to commit the crime. Plea Tr. 6.
>
> Salas did not object to the Court's recitation of these elements. Further, Salas did not offer to the Court that knowledge of alienage is an additional element of the offense. Plea Tr. 6-7.

The Court then established a factual basis for the guilty plea. Salas admitted that, on or about December 9, 2019, he was not a citizen or national of the United States. He crossed the border from Mexico into the United States at a place other than a designated port of entry; he intended to enter the United States without being detected or apprehended.

Having been advised of his rights, the charges against him, and the maximum possible sentence, Salas pleaded guilty. Plea Tr. 8-9.

//

The Court found that Salas' guilty plea was made knowingly and voluntarily, with a full understanding of the nature of the charge, his rights, consequences of the plea, and that there was a factual basis for his guilty plea and accepted the guilty plea. The Court sentenced Salas to time served. Salas was advised of his right to appeal the sentence and judgment. Plea Tr. 9-10. This appeal followed.

## II.  DISCUSSION

Defendant moves to vacate the magistrate judge's decision because (A) the prosecution violated equal protection under *Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), and (B) the guilty plea process did not comport with Rule 11. (Doc. No. 28.) The Court considers these arguments in turn.

### A.  Waiver

To begin, the Supreme Court has previously held that a "valid guilty plea . . . prevents the defendant from appealing the constitutionality of case-related government conduct that takes place before the plea is entered." *Class v. United States*, 138 S. Ct. 798, 805 (2018). As the Government rightfully points out, issues not reserved for appeal during the plea process may effectively be waived if they do not go to the power of the government to bring an indictment, or to the "voluntary and intelligent character of the guilty plea" itself. *Id.*; *see also Tollett v. Henderson*, 411 U.S. 258 (1973); *United States v. Broce*, 488 U.S. 563 (1989). Here, Defendant asserts that due to the Magistrate Judge's failing to accurately apply the elements of the offense his rights were violated, and his plea was rendered involuntary and unknowing. The Court disagrees. Defendant confirmed that no one unfairly pressured or threatened him to plead guilty. Further, nothing in the record indicates the plea was involuntary or unknowing and there was no objection at the time to the elements applied in this case. Thus, the issue has been waived. *See United States v. Chavez-Diaz*, 949 F.3d 1202, 1205 (9th Cir. 2020) (holding defendant's guilty plea waived his right to appeal certain due process and equal protection challenges based on the handling of the prosecution). On the other hand, the question of the constitutionality of the underlying statute under *Arlington Heights*, discussed below, is not waived under *Class*.

### B. Equal Protection Claim

Defendant appeals on the basis that his prosecution violated equal protection rights under *Arlington Heights*. (Doc. No. 28-1 at 13.) However, the Parties do not dispute that the recent Ninth Circuit ruling in *United States v. Carrillo-Lopez*, 68 F.4th 1133 (9th Cir. 2023), governs the equal protection claim raised by Defendant. *See id.* (holding 8 U.S.C. § 1326 does not violate the equal protection guarantee of the Fifth Amendment). The Court agrees. Thus, the Court denies Defendant's equal protection claim on the pending authority of *United States v. Carrillo-Lopez*, subject to the Ninth Circuit revisiting the issue or an appeal to the Supreme Court. *Carrillo-Lopez*, 68 F.4th at 1138.

### C. Rule 11 Claim

Lastly, Defendant attests the magistrate judge violated Rule 11(b)(1)(G) by misadvising him about the elements of the charged offense, rendering his guilty plea not knowing, voluntary, and intelligent. (Doc. No. 28 at 14.) Defendant argues the magistrate judge failed to include the element that the Government must prove Padilla Franco knew he was not a citizen of the United States. (*Id.*) The Court denies this argument on pending authority, subject to the Ninth Circuit revisiting the issue or an appeal to the Supreme Court. *See United States v. Rizo-Rizo*, 16 F.4th 1292, 1293 (9th Cir. 2021) (holding knowledge of alienage is not an element of 8 U.S.C. § 1325(a)).

## III. CONCLUSION

Based on the foregoing, the Court finds Mr. Padilla Franco's due process rights were not violated, the prosecution did not violate equal protection, and the magistrate judge complied with Rule 11. Accordingly, the Court **AFFIRMS** Defendant's judgment of conviction.

**IT IS SO ORDERED**.

Dated: August 14, 2023

Hon. Anthony J. Battaglia
United States District Judge